**Opinion filed January 19, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00012-CR

_____

## MARKUM WOODROW PEAVEY, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 26th District Court**
**Williamson County, Texas**
**Trial Court Cause No. 08-1604-K26**

## M E M O R A N D U M   O P I N I O N

The trial court convicted Markum Woodrow Peavey of aggravated perjury. The trial court found three enhancement allegations to be true and assessed appellant's punishment at confinement for a term of thirty years. Because appellant committed the aggravated perjury offense while he was incarcerated, the trial court ordered that the thirty year sentence run consecutively to the fifty-five year sentence appellant was serving when he committed the aggravated perjury offense. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(b) (West Supp. 2011). In his sole point of error on appeal, appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

*Background*

In 2003, appellant pleaded guilty to the felony offense of driving while intoxicated in Cause No. 01-995-K368 in Williamson County, Texas. Appellant also pleaded true to an enhancement allegation. Pursuant to the plea bargain agreement, the trial court sentenced appellant to confinement for a term of seven years. Appellant was released from prison on parole in late 2004 or early 2005.

In 2006, appellant was convicted of another felony offense of driving while intoxicated and sentenced as a habitual offender to confinement for fifty-five years. On March 5, 2008, the district clerk of Williamson County received and filed an "Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction under Code of Criminal Procedure, Article 11.07." At that time, appellant was serving his fifty-five year prison sentence. The application for writ of habeas corpus was assigned Cause No. 01-995-K368A. The application was on the correct fill-in-the-blank form for filing an application for writ of habeas corpus. *See* TEX R. APP. P. 73.1(a), app. H. The blanks in the form were filled in with typewritten words. Appellant's name and prison identification number were typed into the appropriate blanks on the first page of the application. The application indicated that appellant was seeking relief from his 2003 conviction in Cause No. 01-995-K368 for driving while intoxicated. The application alleged, among other things, that appellant was actually innocent of the driving while intoxicated offense charged in Cause No. 01-995-K368. The application contained an "INMATE'S DECLARATION" requiring that the inmate "declare under penalty of perjury that, according to [his] belief, the facts stated in the application are true and correct." The signature, "Mark Peavey," was on the "Signature of Applicant" line of the "INMATE'S DECLARATION." Ultimately, the application for writ of habeas corpus was denied.

*The Charged Offense in This Cause*

The State charged appellant with aggravated perjury under Section 37.03 of the Penal Code because he allegedly made material false statements, under oath, in the above-mentioned application for writ of habeas corpus. *See* TEX. PENAL CODE ANN. § 37.03 (West 2011). Section 37.02 of the Penal Code provides, in relevant part, that a person commits the offense of perjury "if, with intent to deceive and with knowledge of the statement's meaning: (1) he makes a false statement under oath or swears to the truth of a false statement previously made and the statement is required or authorized by law to be made under oath." *Id.* § 37.02(a)(1). A person

2

commits the offense of aggravated perjury "if he commits perjury as defined in Section 37.02, and the false statement: (1) is made during or in connection with an official proceeding; and (2) is material." *Id.* § 37.03(a)(1), (2).

The indictment alleged all the statutory elements of the offense of aggravated perjury. Paragraphs One through Three of the indictment alleged that, in the application, appellant made false statements under oath or swore to the truth of false statements previously made, as follows: "that he is actually innocent of the offense when in fact [he] is guilty of the offense of Driving While Intoxicated"; "that he passed the breath tests when in fact [he] failed the breath tests"; and "that the two breath tests indicated below a .01 when in fact the defendant's breath tests were 0.10 or greater." Paragraph Four of the indictment alleged that appellant made a material false statement under oath or swore to the truth of a false statement previously made by making the following two statements under oath, both of which cannot be true: "(1) that he is guilty of the offense of Driving While Intoxicated, a statement made during a guilty plea proceeding, and (2) that he is actually innocent of the offense, a statement made in an application for writ of habeas corpus."

*Appellant's Challenge to the Sufficiency of the Evidence*

In his point of error, appellant challenges the factual sufficiency of the evidence to support his conviction. In his appellate brief, appellant does not deny that the application for writ of habeas corpus contained false statements. He acknowledges that the evidence established that he pleaded guilty to the offense of driving while intoxicated and that the application for writ of habeas corpus "was filed for him." However, appellant contends that there was no evidence that he made a false statement under oath because the State failed to prove that he signed the inmate's declaration in the application. Therefore, appellant contends that the evidence is insufficient to support his conviction for aggravated perjury.

*Standard of Review*

We review a sufficiency of the evidence issue, regardless of whether it is denominated as a legal or as a factual sufficiency claim, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational

3

trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

*The Evidence at Trial*

The record shows that, on July 21, 2003, pursuant to a plea bargain agreement, appellant pleaded guilty to the offense of driving while intoxicated in Cause No. 01-995-K368 in Williamson County, Texas. The State introduced into evidence a copy of the judgment of conviction in that cause number as State's Exhibit No. 1. Before pleading guilty, appellant signed his name – "Mark Peavey" – on page 2 of a document entitled "Admonitions to the Defendant." Appellant verified his signature to the court clerk. The State introduced a copy of the admonitions into evidence as State's Exhibit No. 8. In the admonitions, appellant judicially confessed to committing the offense of driving while intoxicated. During the plea hearing, appellant admitted that he committed the offense of driving while intoxicated on May 27, 2001, as was alleged in the indictment in Cause No. 01-995-K368. The trial court accepted appellant's plea, found appellant guilty of the offense of driving while intoxicated, found an enhancement allegation to be true, and assessed appellant's punishment at seven years confinement. In late 2004 or early 2005, appellant was released from prison on parole.

In August 2005, appellant was indicted for the offense of driving while intoxicated in Cause No. 05-855-K368 in Williamson County. That cause proceeded to a jury trial in June 2006. The jury convicted appellant, found three enhancement allegations to be true, and assessed his punishment at fifty-five years confinement. Appellant testified during the guilt/innocence phase and the punishment phase of the jury trial in Cause No. 05-855-K368. When questioned about his 2001 arrest for driving while intoxicated that led to his 2003 conviction in Cause No. 01-995-K368, appellant testified that he did not realize how intoxicated he was "until he had the test" and that there was no doubt he was driving while intoxicated on that occasion.

On March 5, 2008, the district clerk of Williamson County filed the subject application for writ of habeas corpus. The State introduced a copy of the application into evidence as State's Exhibit No. 3. As stated above, the application indicated that appellant was seeking relief from his conviction in Cause No. 01-995-K368 for driving while intoxicated. The application contained the following statements, among others: (1) "Applicant is actually innocent of this offense as he passed two breath tests"; (2) "Applicant is Actually Innocent of Offense Charged";

4

and (3) "Applicant is actually innocent of this offense when the two breath tests indicated below .01 on the breath test." Page 11 of the application contained the following declaration:

## INMATE'S DECLARATION

I, <u>Markum Peavey</u>, BEING PRESENTLY INCARCERATED IN <u>McConnell Unit-TDCJ-CID</u>, DECLARE UNDER PENALTY OF PERJURY THAT, ACCORDING TO MY BELIEF, THE FACTS STATED IN THE APPLICATION ARE TRUE AND CORRECT.

SIGNED ON <u>2-26-2008</u>.

<u>/s/ Mark Peavey</u>
Signature of Applicant

The name "Markum Peavey" and the name of the prison unit were typewritten into the blanks in the above declaration. The name on the signature line – "Mark Peavey" – was handwritten.

The State introduced copies of other documents that were filed in the habeas proceeding (Cause No. 01-995-K368A) into evidence as State's Exhibit Nos. 4 through 7. Appellant's name was signed on each of these exhibits.

Department of Public Safety Trooper Michael Klein testified about appellant's May 27, 2001 arrest for driving while intoxicated. Trooper Klein testified that he observed appellant driving eighty-eight miles per hour in a sixty-five mile-per-hour zone. Trooper Klein also said that appellant was driving erratically. Therefore, Trooper Klein activated the video equipment in his patrol car and stopped appellant. The State introduced a copy of the videotape into evidence as State's Exhibit No. 14. Trooper Klein testified that appellant showed all six clues on the horizontal gaze nystagmus test. Trooper Klein administered a portable breath test to appellant, and the test indicated that appellant had an alcohol level of .15, which Trooper Klein said was almost twice the legal limit. Appellant submitted to a second portable breath test, and it showed the same result. Trooper Klein testified that he did not tell appellant he passed the test and that he never told appellant that the test showed an alcohol level of below .01. Based on his investigation, Trooper Klein arrested appellant for driving while intoxicated.

Trooper Klein administered an intoxilyzer test to appellant at the DPS office. Appellant provided two breath samples during the test. The first breath sample taken from appellant showed an alcohol concentration of .141, and the second breath sample taken from appellant showed an alcohol concentration of .138. At one point, appellant thought he had passed the test because the machine showed a "000" during the test. The State introduced a printout showing

5

the results of appellant's intoxilyzer test into evidence as State's Exhibit No. 17. Trooper Klein testified that he showed the printout to appellant and explained to appellant that his samples showed levels of .141 and .138.

Appellant presented Michael McCann as a witness. McCann testified that he was an inmate at the McConnell Unit of the Texas Department of Corrections, which was also appellant's prison unit. McCann said that he was serving a life sentence for a capital murder conviction. He also said that he had prepared over 600 applications for writs of habeas corpus for inmates at the McConnell Unit.

McCann said that he and appellant discussed appellant's Williamson County convictions. Appellant provided McCann with information about those convictions. McCann believed that appellant should attack his 2003 conviction for driving while intoxicated because that conviction had been used to enhance appellant's sentence in his later case. McCann testified that he typed appellant's application for writ of habeas corpus. At one point, McCann testified that he believed he signed appellant's name to the inmate's declaration in the application. At another point, McCann testified that he was "90 percent sure" that he signed appellant's name to the inmate's declaration. During cross-examination, the prosecutor showed the "Mark Peavey" signature underneath the inmate's declaration to McCann and asked McCann whether he wrote it. McCann answered, "I don't think so. I'm not sure. That's -- I don't think that's mine. That's really close." Soon thereafter, McCann again testified that he was "90 percent sure" that he signed appellant's name to the inmate's declaration.

McCann was also questioned about other documents that were filed in appellant's habeas proceeding. The name, "Mark Peavey," was signed on each of these documents. State's Exhibit No. 4 was a letter to the district clerk. McCann testified that he wrote the letter and that appellant signed appellant's name on the letter. State's Exhibit No. 5 consisted of an affidavit of Mark Peavey and a letter transmitting the letter to the district clerk. McCann testified that he did not sign appellant's name to the letter and that he did not think he signed appellant's name to the affidavit. State's Exhibit No. 6 was a motion requesting the court to review the videotape of the 2001 stop of appellant. McCann testified that he signed appellant's name to the motion. State's Exhibit No. 7 was a response to the State's answer to the application for writ of habeas corpus, and it also included a request for an evidentiary hearing. McCann testified that he signed appellant's name to the response and to the certificate of service on the response.

*Analysis*

Appellant states in his brief that "[t]he issue in this appeal is whether [he] made a false statement under oath." Appellant contends that the State failed to prove that he signed the inmate's declaration on the application for writ of habeas corpus and that, therefore, the State did not establish that he made any statements under oath. Based on these contentions, appellant argues that the evidence was insufficient to establish that he made a false statement under oath.

Under Article 38.27 of the Code of Criminal Procedure, authentication of handwriting may be established by a comparison of documents performed either by experts or by the jury. TEX. CODE CRIM. PROC. ANN. art. 38.27 (West 2005); *Logan v. State*, 48 S.W.3d 296, 301 (Tex. App.—Texarkana 2001), *aff'd*, 89 S.W.3d 619 (Tex. Crim. App. 2002). In a nonjury trial, such as this cause, Article 38.27 authorizes the trial court to compare handwriting on documents to determine the authenticity of the handwriting in question. *Herndon v. State*, 543 S.W.2d 109, 118 (Tex. Crim. App. 1976). Proof by comparison to other writing samples is sufficient, by itself, to establish authenticity of the signature of a defendant on a document if the defendant fails to deny, under oath, the authenticity of his signature on the document. Article 38.27; *Camacho v. State*, 765 S.W.2d 431, 434 (Tex. Crim. App. 1989); *Ex parte Watson*, 606 S.W.2d 902, 905 (Tex. Crim. App. 1980); *Logan*, 48 S.W.3d at 301. Appellant did not deny, under oath, the authenticity of his signature on the application for writ of habeas corpus. Thus, the authenticity, or lack thereof, of appellant's signature on the application could be established by the trial court's comparison of the signature on the application with appellant's signature on other exhibits that were admitted into evidence. *Logan*, 48 S.W.3d at 301.

The evidence showed that appellant signed his name on the admonitions to defendant in Cause No. 01-995-K368. A copy of the admonitions was admitted into evidence as State's Exhibit No. 8. A copy of the application for writ of habeas corpus was admitted into evidence as State's Exhibit No. 3. The signature, "Mark Peavey," is under the inmate's declaration in the application. The signatures on the application and the admonitions are very similar. Based on the evidence, the trial court could have reasonably concluded that appellant signed the application. Article 38.27; *Logan*, 48 S.W.3d at 301. Therefore, we find that the evidence is sufficient to establish that appellant signed the application.

McCann gave inconsistent testimony about whether he signed appellant's name on the application for writ of habeas corpus. McCann first testified that he was "90 percent sure" that

he signed appellant's name. Later, McCann said that he did not think he signed appellant's name. Finally, McCann again said that he was "90 percent sure" that he signed appellant's name. As the trier of fact, the trial court was the sole judge of the credibility of the witnesses and the weight to be given their testimony, and it was free to believe or disbelieve all or any part of any witness's testimony. *Beardsley v. State*, 738 S.W.2d 681, 684 (Tex. Crim. App, 1987); *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *Polk*, 337 S.W.3d at 289. Thus, the trial court was free to disbelieve McCann's testimony. McCann also testified that he signed appellant's name on State's Exhibit Nos. 6 and 7. We note that the "Mark Peavey" signatures on these exhibits are different from the "Mark Peavey" signature on appellant's application for writ of habeas corpus.

The evidence, which is summarized above, showed that appellant's application for writ of habeas corpus contained false statements that appellant was "actually innocent of this offense," that appellant "passed two breath tests," and that "the two breath tests indicated below .01." A statement is "material" if it could have affected the course or outcome of the official proceeding. TEX. PENAL CODE ANN. § 37.04(a) (West 2011). A habeas proceeding is an official proceeding. *See id.* § 1.07(a)(33) (West Supp. 2011) ("Official proceeding" is defined as including "any type of . . . judicial proceeding that may be conducted before a public servant."). Whether a statement is material in a given factual situation is a matter of law. *Id.* § 37.04(c) (West 2011). The false statements in appellant's application, if true, could have affected the course or outcome of the habeas proceeding. Therefore, the false statements were material. We hold that the evidence is sufficient to support appellant's conviction for aggravated perjury. Appellant's point of error is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

January 19, 2012                                                        JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

8