Opinion filed January 19,
2012

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00012-CR 

                                                    __________

 

                        MARKUM
WOODROW PEAVEY, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 26th District Court

                                                        Williamson
County, Texas

                                                Trial
Court Cause No. 08-1604-K26 

 



 

                                            M
E M O R A N D U M   O P I N I O N        

            The
trial court convicted Markum Woodrow Peavey of aggravated perjury.  The trial
court found three enhancement allegations to be true and assessed appellant’s
punishment at confinement for a term of thirty years.  Because appellant
committed the aggravated perjury offense while he was incarcerated, the trial
court ordered that the thirty year sentence run consecutively to the fifty-five year sentence appellant was serving when he committed the aggravated perjury
offense.  See Tex. Code Crim. Proc.
Ann. art. 42.08(b) (West Supp. 2011).  In his sole point of error
on appeal, appellant challenges the sufficiency of the evidence to support his
conviction.  We affirm.




 

Background

            In
2003, appellant pleaded guilty to the felony offense of driving while
intoxicated in Cause No. 01-995-K368 in Williamson County, Texas. Appellant
also pleaded true to an enhancement allegation.  Pursuant to the plea bargain
agreement, the trial court sentenced appellant to confinement for a term of
seven years.  Appellant was released from prison on parole in late 2004 or
early 2005.

            In
2006, appellant was convicted of another felony offense of driving while
intoxicated and sentenced as a habitual offender to confinement for fifty-five
years.  On March 5, 2008, the district clerk of Williamson County received and
filed an “Application for a Writ of Habeas Corpus Seeking Relief from Final
Felony Conviction under Code of Criminal Procedure, Article 11.07.”  At
that time, appellant was serving his fifty-five year prison sentence.  The
application for writ of habeas corpus was assigned Cause No. 01-995-K368A.  The
application was on the correct fill-in-the-blank form for filing an application
for writ of habeas corpus.  See Tex
R. App. P. 73.1(a), app. H.  The blanks in the form were filled in with
typewritten words. Appellant’s name and prison identification number were typed
into the appropriate blanks on the first page of the application.  The
application indicated that appellant was seeking relief from his 2003 conviction
in Cause No. 01-995-K368 for driving while intoxicated.  The application
alleged, among other things, that appellant was actually innocent of the
driving while intoxicated offense charged in Cause No. 01-995-K368.  The
application contained an “INMATE’S DECLARATION” requiring that the inmate “declare
under penalty of perjury that, according to [his] belief, the facts stated in
the application are true and correct.”  The signature, “Mark Peavey,” was on
the “Signature of Applicant” line of the “INMATE’S DECLARATION.”   Ultimately,
the application for writ of habeas corpus was denied.

The
Charged Offense in This Cause 

            The
State charged appellant with aggravated perjury under Section 37.03 of the
Penal Code because he allegedly made material false statements, under oath, in the
above-mentioned application for writ of habeas corpus.  See Tex. Penal Code Ann. § 37.03 (West
2011).  Section 37.02 of the Penal Code provides, in relevant part, that a
person commits the offense of perjury “if, with intent to deceive and with
knowledge of the statement’s meaning: (1) he makes a false statement under oath
or swears to the truth of a false statement previously made and the statement
is required or authorized by law to be made under oath.”  Id. § 37.02(a)(1). 
A person commits the offense of aggravated perjury “if he commits perjury as
defined in Section 37.02, and the false statement: (1) is made during or in
connection with an official proceeding; and (2) is material.”  Id.
§ 37.03(a)(1), (2).

            The
indictment alleged all the statutory elements of the offense of aggravated
perjury.  Paragraphs One through Three of the indictment alleged that, in the application,
appellant made false statements under oath or swore to the truth of false
statements previously made, as follows: “that he is actually innocent of the
offense when in fact [he] is guilty of the offense of Driving While
Intoxicated”; “that he passed the breath tests when in fact [he] failed the
breath tests”; and “that the two breath tests indicated below a .01 when in
fact the defendant’s breath tests were 0.10 or greater.”  Paragraph Four of the
indictment alleged that appellant made a material false statement under oath or
swore to the truth of a false statement previously made by making the following
two statements under oath, both of which cannot be true: “(1) that he is guilty
of the offense of Driving While Intoxicated, a statement made during a guilty
plea proceeding, and (2) that he is actually innocent of the offense, a
statement made in an application for writ of habeas corpus.”

Appellant’s
Challenge to the Sufficiency of the Evidence

            In
his point of error, appellant challenges the factual sufficiency of the
evidence to support his conviction.  In his appellate brief, appellant does not
deny that the application for writ of habeas corpus contained false statements. 
He acknowledges that the evidence established that he pleaded guilty to the
offense of driving while intoxicated and that the application for writ of
habeas corpus “was filed for him.”  However, appellant contends that there was
no evidence that he made a false statement under oath because the State failed
to prove that he signed the inmate’s declaration in the application.  Therefore,
appellant contends that the evidence is insufficient to support his conviction
for aggravated perjury.

Standard
of Review

            We
review a sufficiency of the evidence issue, regardless of whether it is
denominated as a legal or as a factual sufficiency claim, under the standard of
review set forth in Jackson v. Virginia, 443 U.S. 307 (1979). Brooks
v. State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); Polk v. State,
337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref’d). Under the Jackson
standard, we examine all of the evidence in the light most favorable to the
verdict and determine whether, based on that evidence and any reasonable
inferences from it, any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson, 443 U.S. at
319; Isassi v. State, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

The
Evidence at Trial 

            The
record shows that, on July 21, 2003, pursuant to a plea bargain agreement,
appellant pleaded guilty to the offense of driving while intoxicated in Cause No.
01-995-K368 in Williamson County, Texas.  The State introduced into evidence a
copy of the judgment of conviction in that cause number as State’s Exhibit No.
1.  Before pleading guilty, appellant signed his name – “Mark Peavey” – on page
2 of a document entitled “Admonitions to the Defendant.”  Appellant verified
his signature to the court clerk.  The State introduced a copy of the
admonitions into evidence as State’s Exhibit No. 8.  In the admonitions,
appellant judicially confessed to committing the offense of driving while
intoxicated.  During the plea hearing, appellant admitted that he committed the
offense of driving while intoxicated on May 27, 2001, as was alleged in the
indictment in Cause No. 01-995-K368.  The trial court accepted appellant’s
plea, found appellant guilty of the offense of driving while intoxicated, found
an enhancement allegation to be true, and assessed appellant’s punishment at
seven years confinement.  In late 2004 or early 2005, appellant was released
from prison on parole.                           

            In August
2005, appellant was indicted for the offense of driving while intoxicated in
Cause No. 05-855-K368 in Williamson County.  That cause proceeded to a jury
trial in June 2006.  The jury convicted appellant, found three enhancement
allegations to be true, and assessed his punishment at fifty-five years
confinement. Appellant testified during the guilt/innocence phase and the
punishment phase of the jury trial in Cause No. 05-855-K368. When questioned about
his 2001 arrest for driving while intoxicated that led to his 2003 conviction
in Cause No. 01-995-K368, appellant testified that he did not realize how
intoxicated he was “until he had the test” and that there was no doubt he was
driving while intoxicated on that occasion.  

            On
March 5, 2008, the district clerk of Williamson County filed the subject application
for writ of habeas corpus.  The State introduced a copy of the application into
evidence as State’s Exhibit No. 3.  As stated above, the application indicated
that appellant was seeking relief from his conviction in Cause No. 01-995-K368
for driving while intoxicated.  The application contained the following
statements, among others: (1) “Applicant is actually innocent of this offense
as he passed two breath tests”; (2) “Applicant is Actually Innocent of Offense
Charged”; and (3) “Applicant is actually innocent of this offense when the two
breath tests indicated below .01 on the breath test.”  Page 11 of the
application contained the following declaration:

INMATE’S
DECLARATION

 

I, Markum Peavey,
BEING PRESENTLY INCARCERATED IN McConnell Unit-TDCJ-CID, DECLARE UNDER
PENALTY OF PERJURY THAT, ACCORDING TO MY BELIEF, THE FACTS STATED IN THE
APPLICATION ARE TRUE AND CORRECT.  

 

SIGNED ON 2-26-2008.

 

/s/ Mark Peavey

Signature of Applicant

The name “Markum
Peavey” and the name of the prison unit were typewritten into the blanks in the
above declaration.  The name on the signature line – “Mark Peavey” – was
handwritten. 

            The State
introduced copies of other documents that were filed in the habeas proceeding (Cause
No. 01-995-K368A) into evidence as State’s Exhibit Nos. 4 through 7.  Appellant’s
name was signed on each of these exhibits.

            Department
of Public Safety Trooper Michael Klein testified about appellant’s May 27, 2001
arrest for driving while intoxicated.  Trooper Klein testified that he observed
appellant driving eighty-eight miles per hour in a sixty-five mile-per-hour
zone.  Trooper Klein also said that appellant was driving erratically.  Therefore,
Trooper Klein activated the video equipment in his patrol car and stopped
appellant.  The State introduced a copy of the videotape into evidence as
State’s Exhibit No. 14.  Trooper Klein testified that appellant showed all six
clues on the horizontal gaze nystagmus test.  Trooper Klein administered a
portable breath test to appellant, and the test indicated that appellant had an
alcohol level of .15, which Trooper Klein said was almost twice the legal
limit.  Appellant submitted to a second portable breath test, and it showed the
same result.  Trooper Klein testified that he did not tell appellant he passed
the test and that he never told appellant that the test showed an alcohol level
of below .01.  Based on his investigation, Trooper Klein arrested appellant for
driving while intoxicated.

 Trooper
Klein administered an intoxilyzer test to appellant at the DPS office.  Appellant
provided two breath samples during the test.  The first breath sample taken from
appellant showed an alcohol concentration of .141, and the second breath sample
taken from appellant showed an alcohol concentration of .138.  At one point,
appellant thought he had passed the test because the machine showed a “000”
during the test.  The State introduced a printout showing the results of
appellant’s intoxilyzer test into evidence as State’s Exhibit No. 17.  Trooper
Klein testified that he showed the printout to appellant and explained to appellant
that his samples showed levels of .141 and .138.

Appellant
presented Michael McCann as a witness.  McCann testified that he was an inmate
at the McConnell Unit of the Texas Department of Corrections, which was also
appellant’s prison unit.  McCann said that he was serving a life sentence for a
capital murder conviction.  He also said that he had prepared over 600
applications for writs of habeas corpus for inmates at the McConnell Unit.

McCann
said that he and appellant discussed appellant’s Williamson County
convictions.  Appellant provided McCann with information about those
convictions.  McCann believed that appellant should attack his 2003 conviction
for driving while intoxicated because that conviction had been used to enhance
appellant’s sentence in his later case.  McCann testified that he typed appellant’s
application for writ of habeas corpus.  At one point, McCann testified that he
believed he signed appellant’s name to the inmate’s declaration in the
application.  At another point, McCann testified that he was “90 percent sure”
that he signed appellant’s name to the inmate’s declaration.  During
cross-examination, the prosecutor showed the “Mark Peavey” signature underneath
the inmate’s declaration to McCann and asked McCann whether he wrote it.  McCann
answered, “I don’t think so.  I’m not sure.  That’s -- I don’t think that’s
mine.  That’s really close.”  Soon thereafter, McCann again testified that he
was “90 percent sure” that he signed appellant’s name to the inmate’s declaration. 


McCann
was also questioned about other documents that were filed in appellant’s habeas
proceeding.  The name, “Mark Peavey,” was signed on each of these documents.  State’s
Exhibit No. 4 was a letter to the district clerk.  McCann testified that he wrote
the letter and that appellant signed appellant’s name on the letter.  State’s
Exhibit No. 5 consisted of an affidavit of Mark Peavey and a letter
transmitting the letter to the district clerk.  McCann testified that he did
not sign appellant’s name to the letter and that he did not think he signed
appellant’s name to the affidavit.  State’s Exhibit No. 6 was a motion
requesting the court to review the videotape of the 2001 stop of appellant.  McCann
testified that he signed appellant’s name to the motion.  State’s Exhibit No. 7
was a response to the State’s answer to the application for writ of habeas
corpus, and it also included a request for an evidentiary hearing.  McCann
testified that he signed appellant’s name to the response and to the
certificate of service on the response.

Analysis

Appellant
states in his brief that “[t]he issue in this appeal is whether [he] made a
false statement under oath.”  Appellant contends that the State failed to prove
that he signed the inmate’s declaration on the application for writ of habeas
corpus and that, therefore, the State did not establish that he made any
statements under oath.  Based on these contentions, appellant argues that the
evidence was insufficient to establish that he made a false statement under
oath.

Under
Article 38.27 of the Code of Criminal Procedure, authentication of handwriting
may be established by a comparison of documents performed either by experts or
by the jury.  Tex. Code Crim. Proc. Ann.
art. 38.27 (West 2005); Logan v. State, 48 S.W.3d 296, 301 (Tex. App.—Texarkana
2001), aff’d, 89 S.W.3d 619 (Tex. Crim. App. 2002).  In a nonjury trial,
such as this cause, Article 38.27 authorizes the trial court to compare
handwriting on documents to determine the authenticity of the handwriting in
question.  Herndon v. State, 543 S.W.2d 109, 118 (Tex. Crim. App.
1976).  Proof by comparison to other writing samples is sufficient, by itself, to
establish authenticity of the signature of a defendant on a document if the
defendant fails to deny, under oath, the authenticity of his signature on the
document.  Article 38.27; Camacho v. State, 765 S.W.2d 431, 434 (Tex.
Crim. App. 1989); Ex parte Watson, 606 S.W.2d 902, 905 (Tex. Crim. App.
1980); Logan, 48 S.W.3d at 301.  Appellant did not deny, under oath, the
authenticity of his signature on the application for writ of habeas corpus.  Thus,
the authenticity, or lack thereof, of appellant’s signature on the application
could be established by the trial court’s comparison of the signature on the
application with appellant’s signature on other exhibits that were admitted
into evidence.  Logan, 48 S.W.3d at 301.

            The
evidence showed that appellant signed his name on the admonitions to defendant in
Cause No. 01-995-K368.  A copy of the admonitions was admitted into evidence as
State’s Exhibit No. 8.  A copy of the application for writ of habeas corpus was
admitted into evidence as State’s Exhibit No. 3.  The signature, “Mark Peavey,”
is under the inmate’s declaration in the application.  The signatures on the
application and the admonitions are very similar.  Based on the evidence, the
trial court could have reasonably concluded that appellant signed the
application.  Article 38.27; Logan, 48 S.W.3d at 301.  Therefore, we
find that the evidence is sufficient to establish that appellant signed the application.

            McCann
gave inconsistent testimony about whether he signed appellant’s name on the
application for writ of habeas corpus.  McCann first testified that he was “90
percent sure” that he signed appellant’s name.  Later, McCann said that he did
not think he signed appellant’s name.  Finally, McCann again said that he was
“90 percent sure” that he signed appellant’s name.  As the trier of fact, the
trial court was the sole judge of the credibility of the witnesses and the
weight to be given their testimony, and it was free to believe or disbelieve all
or any part of any witness’s testimony.  Beardsley v. State, 738 S.W.2d
681, 684 (Tex. Crim. App, 1987); Sharp v. State, 707 S.W.2d 611, 614
(Tex. Crim. App. 1986); Polk, 337 S.W.3d at 289.  Thus, the trial court
was free to disbelieve McCann’s testimony.  McCann also testified that he signed
appellant’s name on State’s Exhibit Nos. 6 and 7.  We note that the “Mark
Peavey” signatures on these exhibits are different from the “Mark Peavey” signature
on appellant’s application for writ of habeas corpus.

            The
evidence, which is summarized above, showed that appellant’s application for
writ of habeas corpus contained false statements that appellant was “actually
innocent of this offense,” that appellant “passed two breath tests,” and that “the
two breath tests indicated below .01.”  A statement is “material” if it could
have affected the course or outcome of the official proceeding.  Tex. Penal Code Ann. § 37.04(a) (West
2011).  A habeas proceeding is an official proceeding.  See id. §
1.07(a)(33) (West Supp. 2011) (“Official proceeding” is defined as including “any
type of . . . judicial proceeding that may be conducted before a public
servant.”).  Whether a statement is material in a given factual situation is a
matter of law.  Id. § 37.04(c) (West 2011).  The false statements in
appellant’s application, if true, could have affected the course or outcome of
the habeas proceeding.  Therefore, the false statements were material.  We hold
that the evidence is sufficient to support appellant’s conviction for
aggravated perjury.  Appellant’s point of error is overruled.

This
Court’s Ruling

            The judgment of the
trial court is affirmed.

 

 

                                                                                                TERRY
McCALL

January 19, 2012                                                                     JUSTICE          
                           

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.