

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,580

### ALBERT JAMES TURNER, Appellant

### v.

### THE STATE OF TEXAS

### ON DIRECT APPEAL FROM CAUSE NO. 10-DCR-054233
### IN THE 268TH DISTRICT COURT
### FORT BEND COUNTY

**HERVEY, J., filed the order of the Court in which KELLER, P.J., KEASLER, ALCALA, RICHARDSON, YEARY, KEEL, and WALKER, JJ., joined. NEWELL, J., did not participate.**

### O R D E R

In June 2011, a jury convicted appellant of capital murder for intentionally murdering more than one person during the same criminal transaction, specifically, his wife and his mother-in-law. *See* TEX. PENAL CODE § 19.03(a)(7)(A). Pursuant to the jury's answers to the special issues set forth in Texas Code of Criminal Procedure article 37.071, section 2(b) and 2(e), the trial judge sentenced appellant to death. TEX. CODE

CRIM. PROC. Art. 37.071, § 2(g).[1]  Direct appeal to this Court was automatic.  Art. 37.071, § 2(h).

In the course of reviewing appellant's twenty-four points of error on direct appeal, this Court noted that, in fourteen of those points, appellant claimed that he was incompetent to stand trial or that the trial court should have paused the trial to conduct a formal competency hearing as his trial counsel repeatedly requested.  *See Turner v. State*, 422 S.W.3d 676, 679 (Tex. Crim. App. 2013).  After reviewing the events surrounding the competency issue, the Court sustained appellant's ninth point of error, abated the appeal, and remanded the cause to the trial court.  *Id*. at 696.  On remand, we ordered the trial court to "first determine whether it is presently feasible to conduct a retrospective competency trial, given the passage of time, availability of evidence, and any other pertinent considerations."  *Id*. at 696-97.  Secondly, "[s]hould the trial court deem a retrospective competency trial to be feasible," we ordered the court to "proceed to conduct such a trial in accordance with Chapter 46B, Subchapter C, of the Code of Criminal Procedure."  *Id*. We ordered that the record of the proceedings then be returned to this Court for reinstatement of the appeal.  *Id*.  As of this date, this Court has not received the record of the proceedings on remand.

At a scheduling hearing upon remand of this case, the trial court agreed to appoint experts to evaluate appellant's present competency.  The State then filed in this Court a

---

[1] Unless otherwise indicated, all future references to Articles refer to the Code of Criminal Procedure.

"Motion for Enforcement of the Trial Court's Limited Jurisdiction on Remand" arguing that a determination of appellant's present competency was outside the scope of the trial court's limited jurisdiction on remand. Subsequently, in September 2014, the trial court issued a written order in which it determined that a retrospective competency trial was feasible and set a date for that trial. However, in February of 2015, the trial court held another hearing and decided that the court must first hold a jury trial to determine whether appellant was presently competent before holding a retrospective competency trial. The judge scheduled the trial on appellant's present competency for March of 2015.

On February 13, 2015, the State filed in this Court a motion for leave to file a petition for writs of mandamus and prohibition (cause numbers WR-82,875-01 and WR-82,875-02) asking the Court to order the trial judge to: withdraw his order for a jury trial on appellant's present competency; determine the feasibility of a retrospective competency trial on factors other than appellant's present competency; hold a retrospective competency trial if feasible; and set a deadline for the return of the case to this Court. The State argued that the trial judge had failed to follow this Court's directions set out in our 2013 opinion.

In a March 2015 order, this Court stayed the scheduled jury trial on appellant's present competency and gave the trial court and the appellant an opportunity to respond to the State's mandamus petition. Appellant's counsel responded that the trial court had the discretion to determine appellant's present competency as part of the required

"feasibility" determination and, in any event, the State has an adequate remedy at law because it can attack any alleged errors upon reinstatement of the appeal. *See In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) ("Mandamus relief may be granted if a relator shows that: (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law.")

On June 24, 2015, this Court filed and set the State's petition for writs of mandamus and prohibition and ordered the parties – and invited the trial judge – to brief the following issues:

> (1) Must a defendant be presently competent in order for a retrospective competency trial to occur?
>
> (2) If so, does the trial court have the authority to require a jury to determine the issue of present competency?

The trial judge responded to this Court's order, stating that the judge had "determined that a retrospective competency trial is feasible and ordered that a jury determine [appellant's] present competency before proceeding with the retrospective competency trial." The judge further stated that, in March of 2015, he learned that appellant "was engaging [in] erratic behavior, including refusing medical care and refusing meals." Relying in part on a San Antonio Court of Appeals case,[2] the judge asserted that Turner must be presently competent "to assist his counsel and medical personnel regarding his thoughts and

---

[2] *Greene v. State*, 264 S.W.3d 271, 273 (Tex. App.—San Antonio 2008, pet. ref'd) ("Given that Greene's present incompetency is expected to continue indefinitely, we conclude that a retrospective competency inquiry is not feasible and hold that Greene is entitled to a new trial in the interest of justice.").

experiences in the past, and [to] testify in the retrospective competency trial." Noting that the right to a trial by jury is favored under Texas law, the trial judge further asserted that he had the authority to order that the question of appellant's present competency be resolved by a jury.

More recently, as three years had passed since this Court remanded the direct appeal case to the trial court, the Court issued an order requiring the trial court to, within ten days, respond in writing to two questions:

> (1) Is it presently feasible to conduct a retrospective competency trial, given the passage of time and the current availability of evidence? And,
>
> (2) If it is not feasible, then why is it not feasible?

On October 28, 2016, the trial judge replied, "By Order dated September 25, 2014 this Court determined that a retrospective competency trial was feasible and set a date of December 1, 2014 for such trial." The trial judge further stated that, "[s]everal Motions by the State of Texas . . . and the appellant were filed resulting in a hearing held March 30, 2014 for a determination of [appellant's] present competency and then based on such a determination a decision would be made when a retrospective competency trial would proceed." The judge also said that he had ordered that appellant be examined by experts to determine his present competency. The judge stated that, until the Court makes a decision on the State's mandamus action, the trial court "is unable to proceed further."

On this day by separate opinion, this Court denies the State's petition for writs of

mandamus and prohibition and lifts the stay on trial court proceedings in this case[3] because the trial court determined in 2014 that a retrospective competency trial is feasible. Consequently, it is no longer necessary to determine whether appellant is presently competent before undertaking a retrospective competency trial. In compliance with this Court's 2013 opinion, the trial court shall now proceed directly to "conduct such a [retrospective competency] trial in accordance with Chapter 46B, Subchapter C, of the Code of Criminal Procedure." *See Turner*, 422 S.W.3d at 696-97; *see also Ex parte Watson*, 606 S.W.2d 902, 906 (Tex. Crim. App. 1980) (rejecting the applicant's argument that the trial court should have obtained a "jury finding as to the feasibility of holding the retrospective competence hearing," noting that the trial court's setting and taking other actions in preparation for the retrospective competency hearing showed that "the trial court made the necessary determination" of feasibility).

On the request of the appellant or the State, or on the trial court's motion, a jury shall make the determination of retrospective competency. *See* Art. 46B.051(a); *see also* Art. 46B.008 (providing that the "Texas Rules of Evidence apply to a trial under Subchapter C"). The factfinder shall determine whether, by a preponderance of the evidence, appellant was incompetent to stand trial by assessing whether he lacked sufficient present ability at the time of his trial to consult with his lawyers with a reasonable degree of rational understanding, or lacked a rational as well as factual

---

[3] *See In re State of Texas ex rel Healey*, Nos. WR-82,875-01 & WR-82,875-02 (Tex. Crim. App. delivered March 8, 2017); *see also In re McCann,* 422 S.W.3d at 704.

understanding of the proceedings against him. *See* Art. 46B.003. In conducting the retrospective competency trial, the trial court may admit reports and/or testimony from one or more qualified experts consistent with the requirements of Chapter 46B, Subchapter B, of the Code of Criminal Procedure, the Rules of Evidence, and other applicable statutory and constitutional law. The parties may offer testimony regarding the defendant's competency or incompetency at the time of his trial, during an examination, hearing, or other event, or at the present time, if the trial court determines that such testimony is reliable, relevant, and probative regarding the issue of retrospective competency. *See Watson*, 606 S.W.2d at 907 (finding that "post-dated" evidence that originated in the years following the applicant's original competency hearing was "relevant and probative in determining petitioner's competency as of the date of the original competency hearing," even though it might not be as probative as medical information contemporaneous with the original hearing).

Regardless of the result of the retrospective competency trial, a complete record of these proceedings shall be returned to this Court within 60 days of the date of this order. Any extensions of this deadline must be obtained from this Court.

IT IS SO ORDERED THIS THE 8TH DAY OF MARCH, 2017.

Do Not Publish