**William Bryon HOLLIS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0033–CR.**

Court of Appeals of Texas. Tyler.

Dec. 15, 1983.

Rehearing Denied Jan. 20, 1984.

Paul Tatum, Holt, Tatum & McCarver, Nacogdoches, for appellant.

Herbert Hancock, Dist. Atty., Nacogdoches, for appellee.

## OPINION ON APPEAL AFTER ABATEMENT

McKAY, Justice.

This cause was remanded to the trial court for the sole purpose of a determination of whether appellant was competent to stand trial for murder. The jury found appellant was competent, and appellant appeals.

Appellant raises six grounds of error. The first ground of error complains that the trial court erred in allowing the State to introduce evidence at the competency hearing relating to the offense of murder.

Prior to the selection of the jury, appellant's counsel filed a motion-in-limine which precluded the introduction of any testimony which referred to the fact that appellant had been charged with or convicted of any offense. The court granted the motion-in-limine. During the competency hearing the district attorney asked the witness, Dr. Grubbs, if he knew that appellant had been incarcerated. The witness, Dr. Himel, testified that appellant had spent one night in jail. Appellant's counsel objected to the question and the testimony on the ground that they were immaterial. Appellant's objection for the first time on appeal is that the question and testimony related to the criminal offense.

It is well settled that the ground of error presented on appeal must comport with the objection raised at trial; otherwise, nothing is presented for review. *Hughes v. State*, 562 S.W.2d 857, 863 (Tex.Cr.App.1978); *Crocker v. State*, 573 S.W.2d 190, 205 (Tex.Cr.App.1978); *Graham v. State*, 546 S.W.2d 605 (Tex.Cr.App.1977). The trial objection that the testimony was immaterial does not preserve the issue. *Euziere v. State*, 648 S.W.2d 700, 703 (Tex.Cr.App.1983).

Appellant also complains about the testimony of the witness, Dr. Himel, when he described a "philosophical discussion" that he had with appellant concerning the difference between killing and murder.

Although it is improper to introduce evidence of the offense itself at the competency hearing, not every mention of evidence of the crime itself will be prejudicial. *Brandon v. State*, 599 S.W.2d 567, 579-580 (Tex.Cr.App.1979). To constitute error the evidence of the offense presented to the competency jury must be of such a nature as to deny the accused a fair and impartial determination of his competency. *Brandon v. State, supra.*

■ The statements complained of in this case were in the abstract and consisted of a general philosophical discussion. The statements did not include any reference to evidence of the offense or to the specific offense itself. We hold that the statement did not deprive appellant of a fair determination of competency, and appellant's first ground of error is overruled.

Appellant's second ground of error contends that the trial court erred in submitting the charge to the jury, over appellant's objection, which referred to appellant's competency "at the time of the trial on the merits." Appellant complains that the language in the charge advised the jury that it was trying a convicted felon. Appellant asserts that the charge constitutes a comment on the weight of the evidence.

■ We hold that the language in the charge to the jury "at the time of the trial on the merits" is not a comment on the weight of the evidence. The fact that a trial occurred does not necessarily imply to the jury that they are "trying a convicted felon" as appellant contends. A retrospective determination of competency to stand trial is allowed. See *Brandon v. State, supra* at p. 573, and cases cited therein; *Caballero v. State,* 587 S.W.2d 741 (Tex.Cr. App.1979), *appeal after remand,* 590 S.W.2d 714 (Tex.Cr.App.1980). The question to be determined at the post-trial competency hearing is whether appellant was competent at the time he was tried. The jury must be informed of the time frame involved; therefore, it was not error to submit the charge to the jury which referred to appellant's competency "at the time of the trial on the merits." Appellant's second ground of error is overruled.

■ In his third ground of error appellant asserts that the trial court erred in failing to submit the requested issue of appellant's present competency at the time of the competency hearing on remand. Appellant argues that a finding of present competency is required before the hearing to determine if appellant was competent to stand trial. Appellant cites no authority for his argument. Appellant's contention is without merit. Appellant's circular reasoning would preclude an incompetent from having a hearing to determine if he was competent to stand trial. Appellant's third ground of error is overruled.

■ Appellant's fourth ground of error contends that the trial court erred in failing to retry the case within the 90–day period prescribed by this court. We know of no authority that establishes that it would be error for the case to be retried after 90 days. Even if it were error appellant failed to preserve error by not objecting at the time of the trial. Appellant raised the objection for the first time on appeal. Error is not preserved for appellate review absent a timely objection at the time of trial. *Crocker v. State, supra* at p. 205. Appellant's fourth ground of error is overruled.

Appellant's fifth ground of error complains that the trial court erred in allowing the witness, Ruth Milstead, to testify that she was divorced from appellant. Counsel for appellant objected that the testimony was immaterial. The court instructed the jury to disregard the question. Appellant's own counsel asked the witness if she had been married to appellant.

■ The trial objection that the testimony was immaterial does not preserve the issue. *Euziere v. State, supra* at p. 703. Even if the proper objection had been made, the instruction to disregard the testimony cured any error. *Carter v. State,* 614 S.W.2d 821, 824–825 (Tex.Cr.App.1981). Appellant's fifth ground of error is overruled.

Appellant's sixth ground of error contends that the trial court committed fundamental and reversible error in the court's charge at the original trial on the merits. Appellant complains that the trial court failed to include in the murder charge that appellant was "not acting under the immediate influence of sudden passion arising from an adequate cause."

**600**

In *Braudrick v. State,* 572 S.W.2d 709, 710 (Tex.Cr.App.1978), the court stated, "Only if the evidence raises the issues of voluntary manslaughter as a lesser included offense must the implied element be charged." Out of an abundance of caution the trial court charged the jury on voluntary manslaughter even though the record shows that the evidence does not raise the issue of voluntary manslaughter. The evidence shows that the day before the murder, someone shot appellant's fence post. At approximately 9:00 a.m. on the morning of the murder, appellant drove to town to report the damage to the sheriff's department. Later that afternoon appellant was working in his garden. He had on a bullet proof vest, and he had a .357 magnum pistol concealed under his shirt. The deceased and some of his friends were talking across the road from appellant. Appellant testified that the deceased was mocking appellant's garden tools. Appellant testified that he said, "If all you mother fuckers come over here I'm going to blow you out of your God damn socks." The deceased was twelve feet away from appellant in the road in front of appellant's house at the time of the murder. The murder occurred at approximately 4:30 p.m.

Appellant fired six double action shots and killed the deceased. Appellant testified that he intended to kill the deceased, and appellant testified that, "I shot the man as fast as I could shoot him, and stay on the target."

We hold that the evidence does not raise the issue that appellant was acting under the immediate influence of sudden passion arising from an adequate cause. The trial court correctly charged the jury on the issue of murder. Appellant's sixth ground of error is overruled.

We find that appellant was competent to stand trial. The appeal on the merits which was abated is now reinstated. Since we found no reversible error in the trial on the merits, the judgment is affirmed.