WR-82,875-01,02
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/13/2015 1:42:04 PM
Accepted 2/13/2015 3:43:19 PM
ABEL ACOSTA
CLERK

NO. _____

IN THE TEXAS COURT OF CRIMINAL APPEALS

RECEIVED
COURT OF CRIMINAL APPEALS
2/13/2015
ABEL ACOSTA, CLERK

RELATING TO CAUSE N0. 10-DCR-054233
268TH DISTRICT COURT, FORT BEND COUNTY, TEXAS

---

## IN RE THE STATE OF TEXAS EX REL. JOHN F. HEALEY, JR. DISTRICT ATTORNEY, 268TH JUDICIAL DISTRICT

### VS.

## HONORABLE BRADY G. ELLIOTT, JUDGE PRESIDING 268TH DISTRICT COURT, FORT BEND, COUNTY

---

## PETITION FOR WRITS OF MANDAMUS AND PROHIBITION

---

JOHN F. HEALEY, JR.
District Attorney, 268th Judicial District

Fred M. Felcman
First Assistant District Attorney

Chad Bridges
Lesleigh Morton
Assistant District Attorneys

Gail Kikawa McConnell
Assistant District Attorney
SBOT #11395400
301 Jackson Street, Room 101
Richmond, Texas 77469
(281) 341-4460 / (281) 238-3340 (fax)
Gail.McConnell@fortbendcountytx.gov

Counsel for the Relator, State of Texas

## IDENTITY OF THE JUDGE, PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 52.3, the parties and the names and addresses of all counsel are as follows:

| | |
|---|---|
| The State of Texas | Relator |

| | |
|---|---|
| John F. Healey, Jr. | District Attorney, 268th Judicial District |
| Fred M. Felcman | First Assistant District Attorney |
| Chad Bridges | Assistant District Attorney |
| Lesleigh Morton | Assistant District Attorney |
| Gail Kikawa McConnell | Assistant District Attorney |
| 301 Jackson Street, Room 101 | |
| Richmond, Texas 77469 | |

| | |
|---|---|
| Hon. Brady G. Elliott, Presiding Judge | Respondent |
| 268th District Court | |
| 301 Jackson Street | |
| Richmond, Texas 77469 | |

| | |
|---|---|
| Albert James Turner | Real Party in Interest |
| TDCJ # 00999565 | |

| | |
|---|---|
| Robert A. Morrow | Attorney for Real Party in Interest |
| 24 Waterway Ave, Suite 660 | |
| The Woodlands, TX 77380 | |

| | |
|---|---|
| Amy Martin | Attorney for Real Party in Interest |
| 202 Travis St, Suite 300 | |
| Houston, TX 77002 | |

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

ISSUE PRESENTED.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

1. By ordering a jury trial to decide Turner's present competency and resting the feasibility of a retrospective competency trial on that verdict, Respondent fails to honor this Court's mandate abating and remanding Turner's case for Respondent's determination of whether a retrospective competency trial is feasible, and if so, to hold the trial.

2. As a matter of law, Respondent has no jurisdiction or authority to determine Turner's present competency, and as a matter of fact, there is no evidence that Turner is presently incompetent.

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

A. Relator has no adequate legal remedy and Respondent has no jurisdiction or authority to act other than in accordance with this Court's mandate. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

B. Alternatively, the writ of mandamus and/or prohibition should issue because Relator has no adequate legal remedy and Chapter 46B provides no authority for a jury trial on present competency to stand a retrospective competency trial.. . . . . . . . . . . . . . . . . . . . . . 7

1. Relator has no adequate legal remedy. . . . . . . . . . . . . . . . . . . . . 7

2. Neither this Court's opinion in Turner v. State, nor Chapter 46B provide authority to empanel a jury to determine present competency. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

C. If the Court were to consider amending its mandate to include present competency, the State asks the Court to reconsider its opinion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

CERTIFICATE OF COMPETENT EVIDENCE. . . . . . . . . . . . . . . . . . . . . . . . . 24

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

APPENDICES

iii

# INDEX OF AUTHORITIES

**CASES**                                                                        **PAGE**

Berry v. Hughes,
710 S.W.2d 600 (Tex. Crim. App. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Commonwealth v. Blakeney,
No. 653 CAP, 2014 WL 7392249 (Pa. Dec. 29, 2014). . . . . . . . . . . . . . . 20

Commonwealth v. Bomar,
104 A.3d 1179 (Pa. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Dusky v. United States,
362 U.S. 402 (1960). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Dusky v. United States,
271 F.2d 385 (8th Cir. 1959), *reversed* 362 U.S. 402 (1960). . . . . . . . . . . 11

Ex parte Mines,
26 S.W.3d 910 (Tex. Crim. App. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Ex parte Rodriguez,
164 S.W.3d 400 (Tex. Crim. App. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . 20

Ex parte Watson,
606 S.W.2d 902 (Tex. Crim. App. 1980). . . . . . . . . . . . . . . . . . . . . . . . 5, 16

Garcia v. Dial,
596 S.W.2td 524 (Tex. Crim. App. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . 7

Greene v. State,
264 S.W.3d 271 (Tex. App.--San Antonio 2008, pet. ref'd). . . . . . . . . . 1, 15

Greenwell v. Court of Appeals for the Thirteenth District,
159 S.W.3d 645 (Tex. Crim. App. 2005). . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

iv

Hollis v. State,
    673 S.W.2d 597 (Tex. App.--Tyler 1983, no pet.). . . . . . . . . . . . . . . . . . . . 16

Huggins v. Crews,
    Nos. SC11-219, SC12-2161, 2014 WL 5026425 (Fla. Oct. 9, 2014). . . . . 16

In re Albert James Turner,
    WR-80,559-02 (Tex. Crim. App. Jan 26, 2015). . . . . . . . . . . . . . . . . . . . . . 3

In re State ex rel. Weeks,
    391 S.W.3d 117 (Tex. Crim. App. 2013). . . . . . . . . . . . . . . . . . . . . . . 9, 17

Moore v. Superior Court,
    237 P.3d 530 (Calif. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Ordunez v. Bean,
    579 S.W.2d 911 (Tex. Crim. App. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . 4

People v. Ary,
    246 P.3d 322 (Ca. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Ryder v. State,
    83 P.3d 856 (Okla. Crim. App.), *cert. denied* 543 U.S. 886 (2004). . . . . . . 16

Smith v. Flack,
    728 S.W.2d 784 (Tex. Crim. App. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . 9

State v. Dunbar,
    297 S.W.3d 777 (Tex. Crim. App. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . 6

State v. Holloway,
    360 S.W.3d 480 (Tex. Crim. App. 2012), *abrogated on other grounds*
    *Whitfield v. State*, 430 S.W.3d 405 (Tex. Crim. App. 2014). . . . . . . . . . . . . 6

State v. McRae,
    594 S.E.2d 71 (N.C. Ct. App.), *pet. denied* 599 S.E.2d 911 (N.C. 2004). . 16

State v. Patrick,
    86 S.W.3d 592 (Tex. Crim. App. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . 17

State ex rel. Rosenthal v. Poe,
     98 S.W.3d 194 (Tex. Crim. App. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . 17

State ex rel. Vance v. Hatten,
     508 S.W.2d 625 (Tex. Crim. App. 1974). . . . . . . . . . . . . . . . . . . . . . . . ix, 4

Sturgis v. Goldsmith,
     795 F.2d 1103 (9th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Tate v. State,
     896 P.2d 1182 (Okla. Crim. App. 1995).. . . . . . . . . . . . . . . . . . . . . . . . . 14

Turner v. State,
     422 S.W.3d 676 (Tex. Crim. App. 2013). . . . . . . . . . . . . . . . . . . . . . passim

White v. State,
     591 S.W.2d 851 (Tex. Crim. App. 1979),
     *overruled on other grounds Bigby v. State*,
     892 S.W.2d 864 (Tex. Crim. App. 1994). . . . . . . . . . . . . . . . . . . . . . . . . 13

## TEXAS CONSTITUION

Article V, § 5(c).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

## STATUTES AND RULES

CODE OF CRIMINAL PROCEDURE
     Article 44.01. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11
     Article 46B.005.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 22
     Article 46B.011.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
     Article 46B.002.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
     Article 46B.024.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

TEXAS RULES OF APPELLATE PROCEDURE
     Rule 52.3.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

## **OTHER AUTHORITIES**

George E. Dix & John M. Schmolesky,
43 Tex. Prac. § 31:81 (3d ed. Westlaw 2014).. . . . . . . . . . . . . . . . . . 5-6, 15

NO. _____

IN THE TEXAS COURT OF CRIMINAL APPEALS

RELATING TO CAUSE N0. 10-DCR-054233
268TH DISTRICT COURT, FORT BEND COUNTY, TEXAS

---

**IN RE THE STATE OF TEXAS EX REL. JOHN F. HEALEY, JR.
DISTRICT ATTORNEY, 268TH JUDICIAL DISTRICT**

**VS.**

**HONORABLE BRADY G. ELLIOTT, PRESIDING JUDGE
268TH DISTRICT COURT, FORT BEND, COUNTY**

---

**PETITION FOR WRITS OF MANDAMUS AND PROHIBITION**

---

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL
APPEALS:**

**<u>STATEMENT OF THE CASE</u>**

This is a death penalty case on remand to Respondent, Honorable Brady G. Elliott, Judge Presiding, 268th District Court, Fort Bend County, Texas, to determine whether a retrospective competency trial is feasible, and if so, to hold that trial. *Turner v. State*, 422 S.W.3d 676, 696-97 (Tex. Crim. App. 2013). Relator seeks a writ of mandamus and/or prohibition to order Respondent to honor this Court's mandate.

viii

## STATEMENT OF JURISDICTION

This Court has jurisdiction to issue writs of mandamus and prohibition to enforce its judgments. Tex. Const. art. 5, § 5(c); *State ex rel. Vance v. Hatten*, 508 S.W.2d 625, 628 (Tex. Crim. App. 1974) (writ of mandamus issued "to insure that the mandate of this court not be thwarted").

## ISSUES PRESENTED

1. By ordering a jury trial to decide Turner's present competency and resting the feasibility of a retrospective competency trial on that verdict, Respondent fails to honor this Court's mandate abating and remanding Turner's case for Respondent's determination of whether a retrospective competency trial is feasible, and if so, to hold the trial.

2. As a matter of law, Respondent has no jurisdiction or authority to determine Turner's present competency, and as a matter of fact, there is no evidence that Turner is presently incompetent.

## STATEMENT OF FACTS

On October 30, 2013, this Court abated Turner's appeal and remanded the case to Respondent, instructing:

> On remand, **the trial court** shall first determine whether it is presently feasible to conduct a retrospective competency trial, given the passage of time, availability of evidence, and any other pertinent considerations. Should **the trial court** deem a retrospective competency trial to be feasible, it shall proceed to conduct such a trial in accordance with Chapter 46B, Subchapter C, of the Code of Criminal Procedure. Regardless of whether **the trial court** deems a retrospective competency trial to be feasible, the record of the proceedings on remand shall then be returned to this Court for reinstatement of the appeal.

*Turner v. State*, 422 S.W.3d 676, 696-97 (Tex. Crim. App. 2013) (footnotes omitted, emphasis added). On April 3, 2014, this Court denied the State's motion for rehearing and issued its mandate.

On May 30, 2014, the trial court held a hearing on the feasibility of a retrospective competency trial. [Appendix A, RR-5/30/14 at 1] At that hearing, for the first time, Turner presented the Court with *Greene v. State*, 264 S.W.3d 271, 272 (Tex. App.--San Antonio 2008, pet. ref'd), holding that a defendant must be presently competent to stand a retrospective competency trial. [App. A, RR-5/30/14 at 6] Although the trial court had "no doubt in my mind that he was competent," the trial court ordered Turner and the State to each provide an expert to evaluate Turner for his present competency "to make a full record for the Court of Criminal Appeals."

1

[App. A, RR-5/30/14 at 16, 17]

On July 1, 2014, the State filed a motion for reconsideration of the trial court's ruling to determine Turner's present competency, which was denied on July 2, 2014. [Appendix B, being a copy of the motion and order]

On July 7, 2014, this Court filed the State's motion to enforce the Court's mandate, arguing that this Court's mandate did not contemplate present competency to be considered in determining the feasibility of a retrospective competency trial. This Court did not rule on the State's motion before it stored this case on January 29, 2015. This petition for mandamus supercedes the State's motion.

The trial court appointed Dr. Mary Alice Conroy, a psychologist on the recommendation of Appellant, and Dr. Mark Moeller, a psychiatrist on the recommendation of the State. Turner refused to see both doctors. [Appendix C, being a copy of the letter reports]

On September 25, 2014, the trial court found that a retrospective competency trial is feasible and set this cause for trial on December 1, 2014. [Appendix D, copy of the Order]

On November 24, 2014, the parties agreed to reset the retrospective competency trial to January 26, 2015. [Appendix E, being copy of the reset] On January 16, 2015, Turner re-urged his motion to determine present competency, which the trial court denied after reaffirming that a retrospective competency trial was

2

feasible.  [Appendix F, being a copy of the reporter's record for the hearing on January 16, 2015, at 1, 15-16]

Turner then filed a petition for writ of mandamus and writ of prohibition in this Court.  The State filed a response in opposition in support of the trial court's ruling, and also argued that the denial of a present competency determination could be decided by this Court when the appeal was reinstated.  This Court denied leave to file without written order.  *In re Albert James Turner*, WR-80,559-02 (Tex. Crim. App. Jan. 26, 2015).  On January 26, 2015, the trial court reset this case for a jury trial on retrospective competency to February 3, 2015.   [Appendix G, being a copy of the reporter's record]

On February 3, 2015, with a jury venire waiting, Respondent changed its order. [Appendix H, being a copy of the hearing on February 3, 2015, at 17; Appendix I, being a copy of Respondent's order appointing a mental health expert]  In setting this case for trial on March 17, 2015, Respondent stated:

> Upon the finding of that jury on present competency, if they find Mr. Turner competent, then we will promptly move with finding another-- with impaneling another jury to determine the retrospective competency of Mr. Turner at the time of the trial because **if this present competency jury finds him competent, then it's--the finding of feasibility's made**. Then we'll go retrospective.

[App H at 17, emphasis added]

On February 13, 2015, Respondent denied the State's motion for

3

reconsideration.  [Appendix J, Copy of the State's motion and Respondent's Order]

## **ARGUMENT**

A.    *Relator has no adequate legal remedy and Respondent has no jurisdiction or authority to act other than in accordance with this Court's mandate.*

This Court has authority to issue mandamus to enforce its own jurisdiction and judgments. *State ex rel. Vance v. Hatten*, 508 S.W.2d 625, 628 (Tex. Crim. App. 1974) and cases cited therein; Art. V, § 5, Tex. Const.  To obtain relief through mandamus, a relator must meet both prongs of the traditional two-step test for issuance of mandamus. *Ordunez v. Bean*, 579 S.W.2d 911, 913 (Tex. Crim. App. 1979).  First, a relator must establish that no other adequate remedy at law is available.  Second, a relator must establish that he seeks to compel a ministerial, as distinguished from a discretionary, act.  *Id.*

These two requirements are established in a case where, upon receipt of this Court's mandate, a trial judge fails to follow the explicit directions of this Court.  *Vance v. Hatten, supra*, at 628.  The ministerial duty requirement is met because, upon receipt of the judgment, order and mandate of this Court, a trial court "acquire[s] jurisdiction of the case only to see that the judgment of this [C]ourt [is] carried out." [citation omitted] [emphasis in original]  *Id.*  The inadequate remedy at law requirement is met because a defendant has no adequate method for appealing from a trial court's failure to follow the mandate of this Court. *Id.*

*Berry v. Hughes*, 710 S.W.2d 600, 601 (Tex. Crim. App. 1986).

The State also has no adequate method for appealing from a trial court's failure to follow the mandate of this Court.  *See* Tex. Code Crim. Proc. art. 44.01 (West 2014).   This Court's mandate orders, "that the appeal be **ABATED**, and **REMANDED TO THE TRIAL COURT**, in accordance with the Opinion of this

4

Court." In its opinion, this Court abated Turner's appeal and remanded this cause to the trial court to "first determine whether it is presently feasible to conduct a retrospective competency trial." *Turner*, 422 S.W.3d 676. In setting this case for a jury trial on Turner's present competency, the trial court shifted this responsibility to a jury, "if this present competency jury finds him competent, then it's--the finding of feasibility's made. Then we'll go to retrospective." [Ex H at 17]

Respondent misreads this Court's opinion. Like the remand order in *Ex parte Watson*, 606 S.W.2d 902 (Tex. Crim. App. 1980), the *Turner* opinion squarely places the responsibility for determining the feasibility of a retrospective competency trial on Respondent, not a jury. In *Ex parte Watson*, this Court remanded the case to the trial court "to determine the feasibility of the retrospective competency hearing." *Id.*, 606 S.W.2d at 906. On appeal after the hearing, Watson claimed that a jury should have determined whether a retrospective competency hearing was feasible. *Id.* This Court found that Watson "misconstrues this Court's order remanding for the retrospective competency hearing. . . . The order directs the trial court to determine the feasibility of the retrospective competency hearing." *Id.*[1] Professors Dix and

---

[1] In *Watson*, the trial court ordered a psychiatric examination. *Ex parte Watson*, 660 S.W.2d 902, 906 (Tex. Crim. App. 1980). There is nothing in the opinion to indicate that this examination was to determine Watson's present competency. Rather, the opinion refers to a high school report card and post-trial evidence, which "served as part of the basis for the opinion of the state's psychiatrist concerning [Watson's] competency as of January 4, 1972," the date of Watson's plea.

5

Schmolesky understand *Ex parte Watson* to mean that when a case is remanded for a retrospective competency determination "the question of the feasibility of a retrospective hearing is for the court rather than the jury." George E. Dix & John M. Schmolesky, 43 Tex. Prac. § 31:81 n.11 (3d ed. Westlaw 2014) (citing *Ex parte Watson).*

If the five-judge majority had intended so obvious a factor as Turner's present competency to be considered in determining whether a retrospective competency trial is feasible, it would have either said so in its opinion or it would have reversed this case and ordered a new trial where Turner's present competency would be determined before proceeding to trial. It did not. Instead, this Court ordered the trial court, not a jury, to determine whether a retrospective competency trial is feasible, and if so to hold that trial. *Turner*, 422 S.W.3d at 696-97.

"After a trial court has lost plenary jurisdiction, it may nonetheless re-acquire 'limited' jurisdiction to perform specific functions as authorized by statute or as instructed on remand by a higher court." *State v. Holloway*, 360 S.W.3d 480, 485 (Tex. Crim. App. 2012), *abrogated on other grounds Whitfield v. State*, 430 S.W.3d 405 (Tex. Crim. App. 2014). "Trial court jurisdiction over a case is an absolute systemic requirement." *State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App.

---

*Id.* at 905, 907.

6

2009).  "If there is no jurisdiction, the court has no power to act." *Id.* (citing *Garcia v. Dial*, 596 S.W.2td 524, 528 (Tex. Crim. App. 1980)).  The trial court has no jurisdiction to empanel a jury to determine Turner's present competency and resting the feasibility of a retrospective competency trial on that jury's verdict.

The writs of prohibition and/or mandamus should issue.

> B. *Alternatively, the writ of mandamus and/or prohibition should issue because Relator has no adequate legal remedy and Chapter 46B provides no authority for a jury trial on present competency to stand a retrospective competency trial.*

When mandamus is sought to require a court to withdraw an order, the relator must demonstrate that:

(1) there is no other adequate legal remedy, and

(2) there is a clear and indisputable right to the relief sought.

*Greenwell v. Court of Appeals for the Thirteenth District*, 159 S.W.3d 645, 648 (Tex. Crim. App. 2005).

> 1. *Relator has no adequate legal remedy.*

In remanding Turner's case, this Court instructed:

Should the trial court deem a retrospective competency trial to be feasible, it shall proceed to conduct such a trial in accordance with Chapter 46B, Subchapter C, of the Code of Criminal Procedure. Regardless of whether the trial court deems a retrospective competency trial to be feasible, the record of the proceedings on remand shall then be returned to this Court for reinstatement of the appeal.

*Turner,* 466 S.W.3d at 696-97.

This instruction seems to give Relator an adequate remedy, *i.e.,* if the present competency jury finds Turner incompetent and the retrospective competency trial is not feasible, the case will be returned to this Court. This Court may, but is not required to, then grant Relator leave to file cross-points asserting questions of law regarding whether present competency is a factor in determining the feasibility of a retrospective competency trial.

Respondent has ordered mental health expert number eleven (11) to evaluate Turner for present competency. [Appendix K, being the affidavit of Colleen Hermann] Turner has simply refused to see the last three psychiatric experts who were taken to see him, as is his right,[2] but whether Turner agrees to an evaluation or not, the expert is sure to review Turner's voluminous prison and jail records (totaling about 830 pages) and Turner's numerous recent phone calls (58 calls from November 2014 to date, totaling 443 minutes or over 7 hours in listening time), which have not been transcribed. [App. K] A large jury venire would then need to be convened due to the seriousness of the case, the news media on Turner's case and trial, the victims (Turner's wife was principal of the Living Waters Church School and Turner's mother-in-law was one of the founders of the Church of Living Waters), and Turner, who was shown by the defense during the punishment phase to be a well-liked

---

[2] Dr. Mary Alice Conroy, Dr. Mark Moeller, a psychologist on November 17, 2014. [Exs C & K]

8

corrections officer for seventeen years at the Jester IV Psychiatric Unit in Fort Bend County.

A jury trial on present competency will entail the testimony of at least the newly appointed psychiatric experts and Polunsky Unit prison staff. Should Turner be found incompetent, he would then be sent to a psychiatric unit, which TDCJ has to date not found that Turner requires, other than for a short stay at Skyview Hospital for depression after he was sentenced to death. All this--when the trial court has no jurisdiction or authority to order a jury trial on competency under this Court's mandate, statute, or other legal authority--before the State can ask leave of this Court to file its cross-points, which then may or may not be granted.

In *Greenwell*, this Court granted mandamus relief when a court of appeals ordered a "trial court to certify that the defendant has a right to appeal in a plea-bargained case based on a pretrial motion on which the trial court never ruled." *Greenwell*, 159 S.W.3d at 648. This Court recognized:

> If we did not give relief on mandamus and the court of appeals ultimately reversed the conviction, the State could then seek review by way of petition for discretionary review in this Court. But potential review at a later time is not always or automatically an adequate remedy: "In some cases, a remedy at law may technically exist; however, it may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate." *Smith v. Flack*, 728 S.W.2d 784, 792 (Tex. Crim. App. 1987).

*Greenwell*, 159 S.W.3d at 648-49 (footnote inserted in text, *see also* the cases

9

summarized in further support of this proposition at 649), *accord In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013).

In Greenwell, this Court found that the Relator lacked an adequate remedy other than mandamus:

> Delaying review of a court of appeals's order that allows an appeal to proceed would frustrate the purpose of furthering judicial economy by requiring all the actions—appointment of counsel, preparation of the record, filing of briefs, and other proceedings before a court of appeals—that the certification requirement was designed to prevent.

*Greenwell*, 159 S.W.3d at 649.

It could be argued that *Greenwell* and judicial economy do not apply in a death penalty case. However, there is no evidence in the record, other than the arguments of counsel, that Turner is presently incompetent. No psychiatric expert has ever given a valid opinion that Turner is incompetent, and Turner has no mental health history or brain injury. The State has no knowledge that any of Turner's friends, family, cell mates, or any person on the TDCJ or jail staff believe that Turner is presently incompetent. In bringing this petition, the State seeks to see that justice is done and in no way proposes to take liberties with Turner's constitutional rights. *Greenwell* provides authority for finding that the State has no adequate legal remedy.

Further, this Court's opinion on remand gives Relator no assurance that it will be given leave to file cross-points, let alone whether Relator could file appropriate cross points raising questions of law on the issue of whether the trial court erred in

10

having a jury determine Turner's present competency and the feasibility of a retrospective competency trial. Article 44.01(c) provides, "The State is entitled to appeal a ruling on a question of law if the defendant is convicted in the case and appeals the judgment." Tex. Code Crim. Proc. art. 44.01(c) (West 2014). Article 44.01 does not authorize Relator to appeal an abuse of discretion, the outcome of a Chapter 46B proceeding, or any other competency proceeding. *See also,* Tex. Code Crim. Proc. art. 46B.011 (West 2014) ("Neither the state nor the defendant is entitled to make an interlocutory appeal relating to a determination or ruling under Article 46B.005").

This Court should find Relator has no adequate legal remedy.

>    2. *Neither this Court's opinion in Turner v. State, nor Chapter 46B provide authority to empanel a jury to determine present competency.*

This Court found error in the trial court's failing to hold a trial on Turner's competency pursuant to Article 46B.005. *Turner*, 466 S.W.3d at 696. It is apparent that in ordering a jury trial on present competency, the trial court is trying its level best to follow this Court's *Turner* opinion. [App H, RR-02/03/15 at 17] However, Chapter 46B does not apply to present competency to stand a competency or retrospective competency trial.

In *Dusky v. United States*, 362 U.S. 402 (1960), the United States Supreme Court held that the test for competency to stand trial "must be whether he has

11

sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Id.* at 402. The "trial" referred to in *Dusky* is the criminal trial on guilt-innocence and punishment, not a civil trial on retrospective competency. *Dusky v. United States*, 271 F.2d 385, 386-87 (8th Cir. 1959), *reversed* 362 U.S. 402 (1960) (petition for certiorari was granted after the Eighth Circuit Court of Appeals affirmed the judgment and sentence based on a jury verdict convicting Dusky of unlawfully transporting in interstate commerce a girl who had been kidnapped).

Chapter 46B, Code of Criminal Procedure enacts procedures to comply with *Dusky* and, like *Dusky*, applies to the determination of competency to stand trial on guilt-innocence and punishment, not a retrospective competency trial. *See* Tex. Code Crim. Proc. art. 46B.002 (West 2014) ("Applicability" "This chapter applies to a defendant charged with a felony or with a misdemeanor punishable by confinement"); Tex. Code Crim. Proc. art. 46B.005(d) (West 2014) ("If the issue of the defendant's incompetency to stand trial is raised after the trial on the merits begins, the court may determine the issue at any time before the sentence is pronounced."); Tex. Code Crim. Proc. art. 46B.024 (West 2014) ("Factors Considered in Examination" ". . . the capacity of the defendant during criminal proceedings to rationally understand the charges against the defendant and the potential consequences of the pending criminal

proceedings."). A defendant need not be competent before a competency trial because that is the sole issue of the competency trial.

Chapter 46B does not apply to a determination of present competency to stand a retrospective competency trial. Such an application is nonsensical as illustrated by the following attempt to apply the Article 46B.024 issues that an expert "shall consider" in his report in determining "the capacity of the defendant during criminal proceedings to:"

(A) rationally understand the charges against the defendant and the potential consequences of the pending criminal proceedings;

There are no "charges against the defendant" in a retrospective competency trial. A competency trial is in the nature of a civil proceeding, not a criminal proceeding. *White v. State*, 591 S.W.2d 851, 854 (Tex. Crim. App. 1979), *overruled on other grounds Bigby v. State*, 892 S.W.2d 864 (Tex. Crim. App. 1994). This is why the parties have only six peremptory strikes in selecting a jury. *Id.*

(B) disclose to counsel pertinent facts, events, and states of mind;

If the defendant were incompetent during his trial, it is not realistic to expect the defendant to be able to disclose pertinent facts, events, and states of mind.

(C) engage in a reasoned choice of legal strategies and options;

13

The sole determination of a retrospective competency trial is whether the evidence at the time of trial--medical and psychological records, jail records, expert and lay opinions, recordings of jail calls and visits--reflect that the defendant was incompetent at the time of his trial. There are no "reasoned choice of legal strategies and options" to be made.

(D)     understand the adversarial nature of criminal proceedings;

Again, a retrospective competency trial is civil, not criminal in nature.

(E)     exhibit appropriate courtroom behavior; and

(F)     testify.

As shown in *Sturgis v. Goldsmith*, 795 F.2d 1103, 1108-09 (9th Cir. 1986), where the defendant was found incompetent when present at trial, and competent when he was not, the behavior of a defendant may be important to the jury's determination of a defendant's competency to stand trial. This factor is not relevant to a retrospective competency trial.

The purpose of a retrospective competency trial is to determine whether the defendant was competent during his trial on guilt-innocence and punishment. "[T]he defendant will be placed in a position comparable to the one he would have been placed in prior to the original trial." *People v. Ary*, 246 P.3d 322, 439 (Ca. 2011) (quoting *Tate v. State*, 896 P.2d 1182, 1188 (Okla. Crim. App. 1995)). The sole issue

14

at a competency trial is whether the defendant is competent to stand trial. Unless this Court believes a defendant must be presently competent for a competency trial at the time of trial, present competency is not a factor that should be considered in determining the feasibility of a retrospective competency trial.

As this Court well understands, a person's competency is variable. As shown in *Ex parte Mines*, 26 S.W.3d 910 (Tex. Crim. App. 2000), a death row inmate who was competent during his trial on guilt-innocence and sentencing may be incompetent to assist counsel during post-conviction proceedings. *Id.* at 911. The issue on remand is whether Turner was competent during his trial in April to June 2011, and Turner's current competency is irrelevant to that determination.

The only authority ever cited by Turner in support of his proposition that he must be presently competent before a retrospective competency trial is *Greene v. State,* 264 S.W.3d 271 (Tex. App.--San Antonio 2008, pet. ref'd). *Greene* is apparently the "one case" to require present competency. George E. Dix and John M. Schmolesky, 43 Tex. Prac. § 31:81 n.10 (3d ed. Westlaw 2014). Greene was found incompetent by a state psychiatrist and committed to a state hospital. *Greene*, 264 S.W.3d at 272. Because Greene was "expected to remain incompetent for the indefinite future," a new trial was ordered. *Id.* at 272-73. No jury was impaneled to determine Greene's present competency. *Id*. Here, there is no psychiatric opinion that Turner is incompetent, and *Greene* does not support Respondent's order for a

15

jury trial on present competency.

The State has found only contrary authority to *Greene*'s holding that a defendant must be presently competent for a retrospective competency trial. *See, e.g.*, *Ex parte Watson*, 606 S.W.2d 902, 906 (Tex. Crim. App. 1980) (remand order directed the trial court to determine feasibility); *Hollis v. State*, 673 S.W.2d 597, 599 (Tex. App.--Tyler 1983, no pet.) (such "circular reasoning would preclude an incompetent from having a hearing to determine if he was competent to stand trial"); *Ryder v. State*, 83 P.3d 856, 870-71 (Okla. Crim. App.), *cert. denied* 543 U.S. 886 (2004) (death penalty case, present competency not required for retrospective competency trial); and *State v. McRae*, 594 S.E.2d 71, 79 (N.C. Ct. App.), *pet. denied* 599 S.E.2d 911 (N.C. 2004) (same). *See also, Huggins v. Crews*, Nos. SC11-219, SC12-2161, 2014 WL 5026425, at *4 (Fla. Oct. 9, 2014) (on appeal of the denial of post conviction relief in a death penalty case, trial court did not abuse its discretion in failing to hold competency proceedings prior to the evidentiary hearing on whether Huggins was competent to proceed with post conviction matters); *Moore v. Superior Court*, 237 P.3d 530, 543 (Calif. 2010) (holding that although the Sexually Violent Predators Act ("SVP") provides that "the person shall be entitled to the rights guaranteed under the federal and State Constitutions for criminal proceedings," the person does not have a due process competence right, in part, because such "could prevent an SVP determination from being made at all").

16

Other than the questionable holding in *Greene*, which is not controlling authority over the 268th District Court, there is no statutory or legal basis for Respondent to consider present competency in determining the feasibility of a retrospective competency trial. While this Court has not squarely decided that present competency is not a factor in feasibility, there is no legal basis to find otherwise.

In her dissent in *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194 (Tex. Crim. App. 2003) (granting relief after construing the first sentence of Article 36.22 for the first time), Presiding Judge Keller noted "two situations in which the law is not 'unsettled or uncertain' even when the case presents the judiciary with an issue of first impression." *Id.* at 219 (Keller, P.J., dissenting).

> First, the ministerial act requirement is satisfied in a case of first impression if the respondent indisputably lacks jurisdiction or authority to engage in the act the relator seeks to prohibit. . . . [Discussing *State v. Patrick*, 86 S.W.3d 592 (Tex. Crim. App. 2002) (convicting court had no jurisdiction to order DNA testing at inmate's expense)]
>
> . . . .
>
> . . . the second situation in which the ministerial act requirement may be satisfied in a case of first impression: where a statute is unambiguous concerning the conduct in question.

*State ex rel. Rosenthal*, 98 S.W.3d at 219-20 (Keller, P.J., dissenting).

These situations were recognized by this Court in *In re State ex rel. Weeks*, 391 S.W.3d at 122 n.18. This case fits the first situation.

Whether a defendant must be presently competent for a retrospective

17

competency trial is a case of first impression that satisfies the ministerial act requirement because Respondent indisputably lacks jurisdiction or authority to order a jury trial to consider Turner's present competency before finding a retrospective competency trial feasible.

The writ of prohibition should issue to prevent Respondent from conducting a jury trial on present competency that is beyond its jurisdictional powers under the Court's mandate and unauthorized in law. The writ of mandamus should issue to order Respondent, who has otherwise found a retrospective competency trial feasible, to conduct the retrospective competency trial in accordance with this Court's mandate.

C. *If the Court were to consider amending its mandate to include present competency, the State asks the Court to reconsider its opinion.*

In the rare event, that the Court were to consider amending its mandate to include a determination of present competency before finding a retrospective competency trial feasible, the State asks the Court to reconsider its opinion finding error in the first instance.

As plainly spread in the record of the hearings held on remand, the trial court never believed or thought that Turner was incompetent. [Ex A at 17 ("I have no doubt in my mind that he was presently competent"); Ex H at 9-10 ("I will certainly make the record very clear that I observed Mr. Turner throughout the trial, and at no

18

point in time did I feel that Mr. Turner was incompetent based upon his actions, his reactions with counsel. It was very clear he didn't like his counsel, but the Court's made very clear, you don't have to like your lawyers for them to properly represent you, and I believe he was competent at all times through the case."] Contrary to the majority's opinion, the appointment of Dr. Almeida and the informal hearing to receive her testimony did not signal the trial court's bona fide doubt of Turner's competency. *Turner*, 422 S.W.3d at 692.[3]

The majority found that "the trial court made two mistakes" in failing to hold a competency trial: (1) "the trial court focused erroneously on evidence of competency rather than evidence of incompetency," and (2) for considering "that [Turner] failed to demonstrate any 'change' of status since the earlier findings of competency by Gollaher and Axelrad." *Turner*, 422 S.W.3d at 694.

In finding the first error, the majority found some evidence of incompetency in focusing on the year old reports of Drs. Gollaher and Axelrad and crediting the accounts of Turner's attorneys, "Axelrad's nascent concerns about the appellant's

---

[3]     It is unclear whether the majority considered the entire record before them as the alleged missing indictment and Mr. McCann's affidavit, *Turner*, 466 S.W.3d at 679 and 683 n.9, can be found in the first volume of the Clerk's Record and the Fourth Supplemental Clerk's Record. [1 CR 25, CR-4th Supp at 150] Further, the majority misread Volume 20 of the Reporter's Record in suggesting the trial court ordered Mr. McCann to file a new motion. *Turner*, 422 S.W.3d at 683 n.9. The trial court accepted the affidavit of Mr. McCann, who was simply re-urging consideration of his motion for a competency trial. [20 RR 4-5]

capacity to consult rationally with his attorneys were subsequently borne out." *Turner*, 422 S.W.3d at 694. This Court has been "especially deferential to the trial court's factual findings as he is 'Johnny-on-the Spot' and able to make credibility and demeanor determinations of the witnesses that we are not capable of making." *Ex parte Rodriguez*, 164 S.W.3d 400, 404 (Tex. Crim. App. 2005).

Turner's attorney, Pat McCann is well known to this Court, the trial court, and the public as a zealous attorney who has kept his clients alive on death row for many years through his litigious efforts.[4] The trial court observed counsel's interactions with Turner and determined that Turner did not like his counsel, not that Turner was incompetent, and the trial court could easily have seen through trial counsel's strategy to save Mr. Turner's life by having him found incompetent in concert with Dr. Axelrad's report. *See, Commonwealth v. Blakeney,* No. 653 CAP, 2014 WL 7392249, *29 (Pa. Dec. 29, 2014) (Castille, C.J., concurring) ("As I explained in *Commonwealth v. Bomar*, 104 A.3d 1179 (Pa. 2014), retrospective competency claims are particularly ripe for abuse by anti-death penalty advocacy groups like the [Federal Community Defender's Office], like-minded experts in their effective employ, and capital defendants themselves, who obviously have nothing to lose by abetting a fraudulent claim").

---

[4]    *See, e.g.,* the cases of Preston Hughes, III and Garcia Glen White.

20

The trial court's determination that Turner was simply at odds with counsel is supported by the conflict in Turner's alibi versus the decision of trial counsel to admit Turner committed the murders,[5] and in Turner's insistence on his right to confront his accusers versus the decision of trial counsel to depose his children, who were the only persons or evidence to tie him to this crime, and to show their video recorded depositions at trial.

In footnote 23 of its opinion, the majority cites many cases where the trial court erred in not deferring to counsel's concerns that his client is incompetent. *Turner*, 422 S.W.3d at 690 n.23. However, in each of these cases, counsel's concerns were supported by other evidence.[6] In this case, there is no supporting evidence other than references to alleged paranoia in year-old competency evaluation reports, which ultimately found Turner competent: there is no valid psychiatric expert opinion to support the allegations of trial counsel that Turner was incompetent, Turner had no prior history of mental illness, Turner's brain is physically intact, Turner held for a long seventeen years a job of trust as a corrections officer at the mental health unit of

---

[5]     The majority found Turner's decision to testify at trial "disastrous." *Turner*, 422 S.W.3d at 695 n.40. But, Turner's testimony was only disastrous because trial counsel had already admitted Turner's guilt in opening statements. *Id.* at 684.

[6]     *See* Appendix L, listing the cases in footnote 23 and noting the other evidence supporting counsel's concerns about his client's competency.

21

TDCJ, and there was, and has been, no report by family members or friends of mental illness or physical brain injury. The majority opinion failed to accord the trial court the great deference it is due in finding "some evidence" to support a finding of incompetency.

Article 46B.005 requires "that evidence exists to support a finding of incompetency," before a trial is required. Tex. Code Crim. Proc. art. 46B.005(b) (West 2014). The bar should not be set so low that competency trials are required simply on the assertions of counsel alone.

The majority also found fault with the trial court's alleged focus on Turner's "change" of status. *Turner*, 422 S.W.3d at 694. However, the trial court's use of the word "change" in appointing Dr. Almeida is also a shorthand reference to a different opinion than that already rendered by Drs. Gollaher and Axelrad of competent to stand trial. The majority's opinion set significant new standards that have resulted in confusion and unnecessary delay, without the well-intended result of safeguarding Turner's due process rights, and should be reheard.

## PRAYER FOR RELIEF

The Relator respectfully requests that this Honorable Court issue a writ of mandamus and/or a writ of prohibition directing Respondent to withdraw its order for a jury trial on Turner's present competency, to determine the feasibility of a retrospective competency trial on factors other than Turner's present competency, to hold the retrospective competency trial if feasible, and to set a deadline for the return of this case to this Court.

Respectfully submitted,

/s/ John F. Healey, Jr.
John F. Healey, Jr.
SBOT # 09328300
District Attorney, 268th Judicial District
Fort Bend County, Texas

/s/ Fred M. Felcman
Fred M. Felcman
SBOT # 06881500
First Assistant District Attorney

/s/ Gail Kikawa McConnell
Gail Kikawa McConnell
SBOT # 11395400
Assistant District Attorney
301 Jackson Street, Room 101
Richmond, Texas 77469
(281) 341-4460 /(281) 238-3340 (fax)
Gail.McConnell@fortbendcountytx.gov

23

## CERTIFICATE OF COMPETENT EVIDENCE

I hereby certify that I have reviewed the foregoing petition and every factual statement is supported by competent evidence included in the appendix or record.

/s/ Fred M. Felcman
Fred M. Felcman

## CERTIFICATE OF COMPLIANCE

I hereby certify that the State's Petition for writ of mandamus, in total through the prayer for relief contains 7,025 words as counted by WordPerfect 12, which is less than the 15,000 word limit for an original petition. Tex. R. App. 9.4(i)(2)(B).

/s/ Gail Kikawa McConnell
Gail Kikawa McConnell

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the State's petition for writs of mandamus and prohibition was served by electronic mail on February 13, 2015, on:

Hon. Brady G. Elliott, Respondent, <brady.elliott@fortbendcountytx.gov>

Robert Morrow, <Ramorrow15@gmail.com>, Attorney for Real Party in Interest

Lisa McMinn, State Prosecuting Attorney, <Lisa.McMinn@spa.state.tx.us>

/s/ Gail Kikawa McConnell
Gail Kikawa McConnell

No. _____

## IN THE TEXAS COURT OF CRIMINAL APPEALS

IN RE THE STATE OF TEXAS EX REL. JOHN F. HEALEY, JR.
DISTRICT ATTORNEY, 268TH JUDICIAL DISTRICT

## VS.

HONORABLE BRADY G. ELLIOTT, JUDGE PRESIDING
268TH DISTRICT COURT, FORT BEND, COUNTY

## APPENDICES

Appendix A:      Copy of the reporter's record for the hearing held May 30, 2014

Appendix B:      Copy of State's motion for reconsideration and order

Appendix C:      Copy of the letter reports of Drs. Conroy and Moeller

Appendix D:      Copy of the Order entered September 25, 2014, finding a retrospective competency trial feasible

Appendix E:      Copy of the reset to January 26, 2015

Appendix F:      Copy of the reporter's record for the hearing held January 16, 2015

Appendix G:      Copy of the reporter's record for the hearing held January 26, 2015

Appendix H:      Copy of the Reporter's record of the hearing on February 3, 2015

Appendix I:      Copy of the Court's order appointing mental health experts

Appendix J:      Copy of the State's motion for reconsideration and the Court's ruling

Appendix K:      Affidavit of Colleen Hermann

Appendix L:      Listing of cases cited in footnote 23 of the opinion and noting the evidence in support of counsel's concerns about his client's competency